

| AOC-E-105      Sum Code: CI | | Case #: **20-CI-007140** |
| Rev. 9-14 | | Court:  **CIRCUIT** |
| Commonwealth of Kentucky | | County: **JEFFERSON Circuit** |
| Court of Justice    Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **LEWIS, CONNIE VS. LEADEC CORP.**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is LEADEC CORP.

The Commonwealth of Kentucky to Defendant:
LEADEC CORP.

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

~~Davis L. Nicholson~~

Jefferson Circuit Clerk
Date: **12/11/2020**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: 300938520737883@00000962722
CIRCUIT: 20-CI-007140 Certified Mail
LEWIS, CONNIE VS. LEADEC CORP.



Page 1 of 1


Exhibit
A


eFiled

Package:000002 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000002 of 000020

CIVIL ACTION NO. _____                          **JEFFERSON CIRCUIT COURT**

                                                              **DIVISION_____**

                                                              **JUDGE:** -------------

**CONNIE LEWIS**                                                      **PLAINTIFF**
**5610 REVERE DR.**
**LOUISVILLE, KY 40218**

**V.**

                              **COMPLAINT**
                          *Electronically Filed*

**LEADEC CORP.**                                             **DEFENDANT**
**9395 KENWOOD ROAD, SUITE 200**
**CINCINNATI, OH 45242**

**SERVE:**        **CORPORATION SERVICE COMPANY**
                  **421 WEST MAIN STREET**
                  **FRANKFORT, KY 40601**

## I.   INTRODUCTION

Comes the Plaintiff, CONNIE LEWIS (hereinafter ("LEWIS", or "Plaintiff"), and for Plaintiff's Complaint against the Defendant LEADEC CORP. (hereinafter "LEADEC CORP.") states as follows:

## II.   PARTIES, JURISDICTION AND VENUE

1.    Plaintiff LEWIS is a Kentucky resident living in Kentucky.

2.    Defendant LEADEC CORP. is a Kentucky corporation doing business in Kentucky.

3.    Venue is proper in Jefferson Circuit Court pursuant to Kentucky Revised Statutes ("KRS"), Chapter 452, because the events that give rise to the causes of action in this case occurred in Jefferson County, Kentucky. A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court. Defendant's principal office is in Jefferson County, Kentucky. The Defendant is a resident of the state of

Package:000003 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000003 of 000020

Kentucky and therefore no diversity jurisdiction exists.   Commonly known as the "Forum Defendant Rule", 28 U.S.C. Sec. 1441(b) bars the removal -from state to federal court- of otherwise removable cases if the action was commenced in the state court of state in which the defendant is a citizen.

### III.    CLAIMS AND CAUSES OF ACTION

4.      LEWIS ("LEWIS") is a former employee of the Defendant.  Plaintiff is 40 years old. Plaintiff worked for the Defendant from May 2016 until October 2018.  Plaintiff earned $15.28 per hour while employed by the Defendant.

5.      While working for LEADEC CORP. LEWIS was sexually harassed by a supervisor who followed Plaintiff into the restroom, refused to leave and then watched Plaintiff as she excited her stall and zipped up her pants.

6.      Plaintiff's complained to the manager (Jamie Golden) in accordance with LEADEC CORP. policies.

7.      In response to LEWIS's complaints, LEADEC CORP. retaliated against LEWIS by terminating her employment.

### IV.    CLAIMS AND CAUSES OF ACTION
### A.  SEXUAL HARASSMENT

8.      Plaintiff re-alleges all allegations contained in Paragraphs 1 through 7 above as if fully set forth herein.

9.      The Defendant's actions in sexually harassing LEWIS terminating LEWIS'S employment in retaliation for Plaintiff's complaints constitute an actionable wrongful termination in violation of KRS 344.

### B.    UNLAWFUL RETALIATION

2

Package:000004 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000004 of 000020

12.     LEWIS re-alleges all allegations contained in Paragraphs 1 through 11 above as if fully set forth herein.

13.     The Defendant's actions in discharging LEWIS constitute unlawful retaliatory discharge under the Kentucky Civil Rights Act, Chapter 344.280 et. seq.

## V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that Plaintiff be awarded the following relief and all other relief to which Plaintiff is entitled:

A.     Trial by jury;

B.     Judgment against the Defendant on all claims asserted herein;

C.     Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D.     Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.     Punitive damages to punish and deter similar future unlawful conduct;

F.     An award of statutory attorney fees, costs and expenses; and

G.     Statutory interest on all damages awards, verdicts or judgments.


/s/ Kurt A. Scharfenberger

_____

Kurt A. Scharfenberger
9000 Wessex Place
Suite 204
Louisville, Kentucky 40222
(502) 561-0777 (phone)
(502) 236-0888 (fax)
*Kurt@Scharfenberger-law.com*

*Attorney for the Plaintiff*

3

Package : 000005 of 000020        Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)        Package : 000005 of 000020

CIVIL ACTION NO. _____                **JEFFERSON CIRCUIT COURT**

                                            **DIVISION** _____

                            **JUDGE** _____

**CONNIE LEWIS**                                               **PLAINTIFF**

**v.**

**LEADEC CORP.**                                               **DEFENDANT**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS
### PROPOUNDED TO DEFENDANT

#### (Electronically Filed)

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Pursuant to Kentucky Rules 33 and 34 of the Kentucky Rules of Civil Procedure, the Plaintiff, through counsel, propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant. The Interrogatories are to be answered in writing, under oath, within forty-five (45) days of the date of service hereof. Defendant is requested to produce for inspection and/or copying all documents responsive to the Request for Production to Kurt A. Scharfenberger, 9000 Wessex Place, Suite 204, Louisville, Ky 40222, within forty-five (45) days of service hereof.

These Interrogatories and Request for Production of Documents are deemed continuing in nature, requiring amended or supplemental answers in conformity with Rule 26.05 of the Kentucky Rules of Civil Procedure. The instructions and definitions to be utilized in complying with these Interrogatories and Request are as follows:

Package:000006 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000006 of 000020

## DEFINITIONS AND INSTRUCTIONS

1.        "You" or "your" shall mean and refer to the Defendant to which these Interrogatories and Request are directed, and its attorneys, investigators, agents, consultants, experts, representatives or any other person acting on the Defendant's behalf or at its request.

2.        If you make an objection to any portion of Plaintiff's Interrogatories and Request, state the specific objection as it relates to each particular portion of the Interrogatory or Request to which you are objecting.  For the purpose of avoiding confusion and to identify the specific discovery disputes raised by your responses do not "string cite" boilerplate objections.  (e.g. oppressive, burdensome or harassing etc.)

3.        If you object to any time frame for which a specific Interrogatory or Request seeks information, indicate the time frame for you which are providing a response.

4.        If you make "General Objections" to all of Plaintiff's First Set of Interrogatories and Request for Production of Documents provide your legal basis under the Kentucky Rules of Civil Rules of Civil Procedure for such objections.

5.        If a response to Plaintiff's Interrogatories or Request has both an objection and a sworn answer (e.g. "without waiving said objection…") please indicate your legal basis under the Kentucky Rules of Civil Procedure for this type of "hybrid" objection/response.

6.        If in any of your responses to Plaintiff's Interrogatories or Request you intend to claim that you are:  "unaware" of what a certain term means, and or do not "know" what a certain term means, and or claim a term is "unknown" to you; contact counsel for the Plaintiff, by and through your counsel, prior to the date your responses are due and request clarification as to the meaning of the term or terms causing your confusion.  If you make a timely request, the Plaintiff will grant you additional time to respond to the Interrogatories and or Requests which

2

Package:000007 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000007 of 000020

contain the confusing term(s). This instruction is an attempt to resolve potential discovery

disputes, without Court intervention, as required by the local Civil Rules.

      7.    The term "document" or "documents" shall be used in its broadest sense and shall

mean: originals, drafts, and all non-identical copies and reproductions of: records; papers;

correspondence; written communications (including internal and external communications);

reports, directives; computer print-outs or tapes; summaries, records, notes, or memoranda of

telephone conversations; summaries, records, notes, motions reports, memoranda or minutes of

personal conversations, interviews, conferences or meetings; executed agreements and all other

forms of understanding; memoranda; instructions; projections; tabulations; notes; notebooks;

diaries; telephone logs; calendars; travel and expense records; worksheets; receipts; vouchers;

books of account (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts,

invoices and billings and all other financial records); bank records and statements; canceled

checks and all vouchers or retained copies, and all debit memos or other written bank

communication; manuals; books; pamphlets; brochures; circulars; telegrams; cablegrams; tape

recordings; transcripts; newspaper or magazine clippings; all non-identical drafts of each

document listed above; and other items on which information has been recorded or stored.

Different versions of the same document with or without handwritten notation found in the

original shall be considered different documents.

      8.    The term "communication" as used herein shall mean and include any

transmission or exchange of information between two or more persons, whether orally or in

writing, and including without limitation any conversation or discussion by means of letter,

telephone, note, E-mail, text message, instant message, web E-mail, voice mail, post it note,

Package:000008 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000008 of 000020

memorandum, telegraph, fax, telecopy, cable, pdf attachment, or any other electronic or other medium.

9.       The term "person" as used herein includes individuals, firms, corporations, partnerships, joint ventures, associations, governmental entities, other entities, or groups of persons, and each division, department, and other unit thereof, unless the context clearly indicates reference only to a specific individual.

10.       The terms "and" and "or" as used herein shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these Interrogatories and Request for Production of Documents any information which might be deemed outside their scope by any other construction.

11.       The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

12.       The terms "referred to," "relate to" or "relating to" a given subject matter means constitutes, contains, embodies, compromises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or having as a subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specific request.

13.       Unless otherwise stated, these Interrogatories and Request for Production refer to the period of time from November 2011 to the present.

14.       The term "Plaintiff" as used herein shall refer to the Plaintiff in this cause of action

15.       The term "Defendant" as used herein shall refer to the Defendant in this cause of action.

Package:000009 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000009 of 000020

16.    As used herein, a request to "identify" a natural person shall be deemed a request for that person's name, current home address and telephone number, and the name, address and telephone number of that person's current employer or business, if known, and whether the individual is a present or former employee of the Defendant, his or her precise job or position, titles held, the dates of employment, and the reason for termination of employment if the individual is a former employee.

17.    As used herein, a request to "identify" an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

18.    The term "identify" when used in reference to a document shall mean a statement of the date thereof, the author and, if different, the signer or signers, their addresses, its present or last-known location or custodian and all the means of identifying it. If any such document was, but is no longer, in your possession or subject to your control, state the present whereabouts of the document, if known.

19.    With respect to each Interrogatory relating to oral communications, it is intended and requested that the answer to each such interrogatory set forth whether the oral communication was by telephone or face to face, and set forth further the names, addresses, telephone numbers, and business positions or occupations of the persons involved in said communications; the names, addresses and telephone numbers of any other person present during such communications; the date on which such communication took place; and the time and place of said communication. For any oral communications withheld from identification as attorney-work product, or the subject of attorney-client privilege, describe such oral

Package:000010 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000010 of 000020

communication by date, parties involve and a brief description of the contents of the communication.

20.    In lieu of identifying particular documents or communications, such documents or communications may be organized, clearly labeled, and then attached to the Answer to those Interrogatories requesting identification of those documents or communications.

21.    "Describe in detail" shall mean to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone number of the persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the response to the Request fair and meaningful.

22.    Answers to these Interrogatories shall be responsive to the date on which the Answers to the Interrogatories are filed or served. These Interrogatories are continuing in nature and the Defendant is required to provide such additional information as the Defendant, its attorney(s), or anyone acting on behalf of the Defendant or in concert with the Defendant may have or may obtain between the time the answers were served and the time of trial.

23.    When an Interrogatory requires you to "state the basis of" or "describe in detail" the nature of a particular claim, belief, contention, or allegation, state in your answer the identity and nature of each and every communication, fact, authority, source, document, or event which was the basis, in whole or in part, of, or which you think supports, such claim, belief, contention or allegation, and identify each person with knowledge of any communication.

24.    Wherever appropriate in these Interrogatories and Request, the singular form of a word shall be interpreted as plural.

Package:000011 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package: 000011 of 000020

25.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

26.    The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

27.    If your response to any Interrogatory or to the Request for Production of Documents herein is other than an unqualified response, state for such Interrogatory or Request the following:

    (a)    All facts that the Defendant contends supports in any manner its refusal to respond, or Defendant's qualified admission;

    (b)    The identity of all documents that support in any manner Defendant's refusal to respond, or qualification of Defendant's response or admission; and

    (c)    The name and address of all persons, including consultants, purported to have any knowledge of factual data upon which the Defendant bases its refusal to respond or Defendant's qualification of response or admission.

28.    If any document is withheld under a claim of privilege, furnish a detailed privilege log which identifies each document for which the privilege is claimed, including the following information:

    (a)    The date of the document;

    (b)    The sender(s);

    (c)    The recipient(s);

    (d)    The persons(s) to whom copies were furnished along with their job title(s) or position(s);

    (e)    The subject matter of the document;

    (f)    The basis on which the privilege is claimed; and

    (g)    The paragraph of these Interrogatories and Request For Production Of Documents to which said document responds.

Package:000012 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000012 of 000020

7

29.    In the event any document referred to in the Request for Production of Documents is not in Defendant's possession, custody or control, specify what disposition was made of it and identify the person who has possession, custody or control of the document.

30.    In the event that any document referred to in the Request For Production of Documents has been destroyed, specify the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

31.    When produced, the documents must be organized and labeled in accordance with the number of the request to which they are responsive.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the complete name, business and residence address and telephone number(s) of the person(s) answering these Interrogatories and all persons assisting in the preparation of the answers to these Interrogatories. For each person designated, please identify the Interrogatory(s) that person answered or provided assistance in answering.

**ANSWER:**

### INTERROGATORY NO. 2:

Identify the date the Defendant hired the Plaintiff.

**ANSWER:**

### INTERROGATORY NO. 3:

Identify the date the Defendant terminated the Plaintiff.

**ANSWER:**

Package:000013 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000013 of 000020

8

Package:000014 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000014 of 000020

**INTERROGATORY NO. 4:**

Identify Plaintiff's compensation on an annualized basis.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify the benefits available to Plaintiff at the time of Plaintiff's termination.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify the date the Defendant decided to terminate the Plaintiff's employment.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify the individual that replaced the Plaintiff at the Defendant's facility.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify the cost of the benefits the Defendant provided to the Plaintiff on an annualized

basis.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify the reason(s) Defendant terminated the Plaintiff's employment.

9

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify the Plaintiff's direct supervisor.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify the General Manager for the facility where Plaintiff was employed.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify five of Plaintiff's co-workers.

**ANSWER:**

**INTERROGATORY NO. 13:**

Identify the number of employees Defendant employs at Defendant's Kentucky facilities.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify the Defendant's anti-discrimination and anti-harassment policies.

**ANSWER:**

**INTERROGATORY NO. 15:**

10

Package:000015 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000015 of 000020

Provide the factual basis for each affirmative defense asserted or that will be asserted in

Defendant's Answer to Plaintiff's Complaint.  If the Defendant is currently unaware of any

factual basis for any particular affirmative defense, enumerate the specific affirmative defenses

for which the Defendant presently has no factual basis to assert.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify the methodology by which the Defendant conducts employee "corrective

action."  Identify any policies that the Defendant has for conducting a "corrective action" with an

employee.

**ANSWER**

**INTERROGATORY NO. 17**

Identify the communication company(s) that provides E-mail service for the Defendant in

JEFFERSON County, Kentucky.  If the Defendant provides its own E-mail service, state whether

or not the Defendant deems itself a communications provider as defined by the Federal Stored

Communication Act, 18 U.S.C. § 2701.

**ANSWER:**

**INTERROGATORY NO. 18**

Have any other incidents occurred in the same or similar manner as the incidents which

are the subject of this litigation?  If so, state the names of the persons involved in the incidents,

11

Package:000016 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000016 of 000020

the dates of the incidents, last known address(s) of the individuals, provide their phone numbers

and indicate whether litigation resulted therefrom, and if so, the name, place and docket number

of any lawsuit.

**ANSWER:**

**INTERROGATORY NO 19.**

Indicate whether or not the Defendant, is the entity which employed the Plaintiff.

Indicate whether or not the Plaintiff has sued the proper entity; if you contend Plaintiff has not

sued the proper entity, indicate the identity and title of the organization that should be sued.

**ANSWER:**

**STATEMENT OF DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

Provide all documents or writings that are identified, described, relate to and/or were

referred to by you in preparing your Answers to Plaintiff's First Set of Interrogatories

accompanying this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of every document which supports any defenses asserted or that

will be asserted in your Answer to Plaintiff's Complaint. If the Defendant's list is incomplete,

provide the documents currently known and supplement your responses at a later date.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents relating to claims made by Plaintiff in this action or which

otherwise relate to Plaintiff's employment and termination with the Defendant including, but not

Package:000017 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000017 of 000020

limited to, diaries, notes, letters, E-mails, logs, recordings of any kind, photos, computer

generated information, voice mail and/or all other documents.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents including, but not limited to, diaries, notes, letters, logs,

electronic mail, recordings and any transcripts thereof, photos, computer generated information

and/or all other documents, relating to or reflecting upon Plaintiff's communications with any

managers or employees of the Defendant, or any of its parent, sister, or subsidiary companies,

regarding any alleged unlawful, including opposition to unlawful conduct, wrongful, or tortious

conduct, including any underlying events, facts, or circumstances relating to the allegations

Plaintiff makes in the Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All documents which you expect or plan to use in the trial of the above-styled action,

either as independent evidence, for impeachment purposes, to refresh recollection or otherwise.

If the Defendant's list is incomplete, produce the documents currently known and supplement

your response at a later date.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all letters, statements, notes, recordings, electronic communications, documents,

or other forms of communication between the Defendant and former employees of the Defendant

concerning any of the underlying events, facts, or circumstances relating to Plaintiff's claims in

this action.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all letters, notes, recordings, electronic communications, or documents

containing statements or other communications from or with persons with knowledge of the

allegations, events, and claims relating to the claims or defenses raised in this action.

13

Package:000018 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000018 of 000020

**REQUEST FOR PRODUCTION NO. 8:**

Produce the entire employment files of Plaintiff. Make the appropriate redactions to each file as required by Federal, State and Local laws.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents relating to claims of discrimination and or harassment against the Defendant in the last five (5) years which occurred in Kentucky.

**REQUEST FOR PRODUCTION NO. 10:**

Produce for copying and inspection an identical "image" of Plaintiff's supervisor's hard drive of his or her office computer.

**REQUEST FOR PRODUCTION NO. 11:**

Produce for copying and inspection any and all of Defendant's:   employment handbooks, policy manuals and training manuals relating to its operations in Kentucky.

**REQUEST FOR PRODUCTION NO. 12:**

Produce for copying and inspection any and all of the Defendants:   policies governing or pertaining to discrimination, harassment or retaliation (of any sort) which are used in its operations in Kentucky.

**REQUEST FOR PRODUCTION NO. 13:**

Produce for copying and inspection any insurance policy that does or might provide insurance coverage of any kind for any of the claims asserted by the Plaintiff in the Complaint.

**REQUEST FOR PRODUCTION NO. 14:**

Provide all other exhibits, notes, memoranda, letters or other documents you will or may use in support of your Defenses in this lawsuit, whether as evidence, base data or to refresh your recollections or that of other actual or potential witnesses, which are not described in any of the

Package:000019 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000019 of 000020

14

categories of documents listed above.  If your list is incomplete, produce the documents you are

currently aware of and supplement your response at a later date.

Respectfully submitted,

/s/ Kurt A. Scharfenberger

Kurt A. Scharfenberger, Esq
9000 Wessex Place, Suite 204
Louisville, Kentucky 40222
Kurt@Scharfenberger-law.com
Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Set of
Interrogatories and Request for Production of Documents Propounded to Defendant was served
via regular mail with the complaint upon the Defendant's agent for service.

/s/ Kurt A. Scharfenberger

COUNSEL FOR PLAINTIFF

15

Package:000020 of 000020

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000020 of 000020

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

Package:000001 of 000020



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-007140

Envelope Number: 3009385

Package Retrieval Number: 300938520737883@00000962722

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.80

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000001 of 000020

Generated: 12/11/2020 10:09:06 AM



U.S. POSTAGE》PITNEY BOWES

ZIP 40202
02 4W
0000371276 DEC 11. 2020
$ 008.00⁰



CERTIFIED MAIL

7014 2970 0001 2777 1044